### COMPTON *v.* HEISSENBUTTEL *et al.*

*(City Court of New York, General Term.   October 24, 1892.)*

LIMITATION OF ACTIONS—ACCRUAL OF ACTION.

> Where defendant agreed with plaintiff to pay to the owner of a dock all wharfage charge against plaintiff's boat at place of consignment, and, failing to do so, it was seized for enforcement of the lien for the charges, plaintiff's cause of action for failure to make such payment accrued on the payment by him of the wharfage and the necessary expenses of seizure of the boat in order to regain possession thereof.

Appeal from trial term.

Action by Oscar Compton against John D. Heissenbuttel and others for damages for breach of agreement to pay certain wharfage charges. Judgment for plaintiff. Defendants appeal. Affirmed.

For former reports, see 13 N. Y. Supp. 594; 16 N. Y. Supp. 524; 18 N. Y. Supp. 952.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*Putney, Bishop & Slade,* for appellants.   *Hyland & Zabriskie,* for respondent.

VAN WYCK, J.   Upon the affirmance of the judgment entered on the verdict returned at the first trial of this action, this court said: "By their express agreement to pay all wharfage the defendants assumed, so far as the plaintiff is concerned, a primary obligation, to which the liability of the plaintiff, or his boat, is secondary, and, although as to the wharfinger the boat itself can be held liable, still, as between plaintiff and defendants, the former is liable as surety and the latter as principal."   See 13 N. Y. Supp. 594.   And our appellate authority, in deciding the appeal from this judgment of affirmance, said: "Defendants insist that the amount of wharfage was payable from them to plaintiff, and plaintiff contends that it was payable from defendants to the wharf owner.   Had the defendants' engagement been to pay the amount of the wharfage to the wharf owner, thus satisfying the latter's lien upon the boat, then the nonperformance of that engagement would have imposed upon the defendants a liability towards the plaintiff to recompense him for the loss of the use of his boat while it was necessarily in the custody of the United States marshal under his seizure in the wharf owner's proceedings, for the enforcement of his lien, together with the costs of such proceedings, and the amount of wharfage necessarily paid by plaintiff to enable him to recover possession of his boat.   Such, however, was not the defendants' agreement, as will appear by reference to the complaint and the testimony."   See 16 N. Y. Supp. 524.   The original complaint alleged that "defendants agreed to pay to plaintiff, as freight, 18 cents per ton alongside and all wharfage at the place of consignment," and this was not a direct allegation that defendants agreed to pay to the wharfinger all wharfage at place of consignment, and the testimony, read in connection with this allegation, may not have shown an express agreement to pay the wharfinger all wharfage for which plaintiff's boat could certainly have been held liable, and this court should, upon the former hearing of appeal, have amended the complaint so as to conform to the proof; hence our appellate authority properly reversed the judgment, and ordered a new trial.   The plaintiff, in obedience to this decision upon the former final appeal herein, moved at special term of this court, before the new trial was had, and was permitted, upon payment of $50 costs, to amend his complaint, so as to allege "that defendants agreed to pay to the wharf owner or lessee of the dock all wharfage at place of consignment;" and upon such new trial, under this amended complaint and the answer to the same, much evidence was given by both parties, the one to prove the truth of this new or amended allegation and the other to disprove the same; and this disputed question of fact, thus raised and contested, was by the trial judge fairly and clearly submitted to the jury, and especially so in charging the following request of defendants' counsel:   "I ask the court to charge that the jury cannot find a verdict against the defendants for a larger sum than $10, unless they find that there was an express contract on the part of the defendants to pay wharfage to the wharfinger at the port of destination."   The jury found with the plaintiff upon this and the other disputed questions of fact, and the verdict is not against the weight of evidence, and it would seem that this verdict, upon the new trial on the new evidence given under the amended complaint and the answer thereto, is a complete answer to the objections successfully made by the defendants on the hearing of the first final appeal herein.

Now as to defendants' plea of the statute of limitation in bar of the action. If this court and its appellate authority have rightly comprehended the nature of defendants' liability, and the consequent measure of damages, then it follows that plaintiff's cause of action did not arise until he had paid the wharfage and the necessary expenses of the seizure of his boat in order to re-

gain possession thereof, and all of this he did within six years of the commencement of his action. The judgment appealed from is affirmed, with costs. All concur.